**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of himself and all other*
*Similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GORAN KONATAR, on behalf of himself and all other similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| ZWICKER & ASSOCIATES, P.C., | |
| Defendant. | |

Plaintiff GORAN KONATAR, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the above-named Defendant Zwicker & Associates, P.C., Inc., its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.   Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.   As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.   Plaintiff demands a jury trial on all issues.

## PARTIES

6.   Plaintiff is a natural person and resident of the State of Texas.

7.   ZWICKER & ASSOCIATES ("Zwicker" or "Defendant") is a law firm and Massachusetts professional corporation, with its principle place of business located at 80 Minuteman Road, Andover, Massachusetts, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Based

upon information and belief Zwicker operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Zwicker was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

- All New Jersey consumers who were sent letters and/or notices by Defendant on behalf of Discover Bank in which Defendant sought to collect post-judgment interest in excess of that allowed by law.

- The Class period begins one year prior to the filing of this Action.

9. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or

3

notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f and 1692(f)(1);

    b. Whether the Defendant demanded post-judgment interest in excess of that allowed by law;

    c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

10. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

11. Under the FDCPA, whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

12. On or before November 22, 2010, Plaintiff was the owner of a Discover Bank consumer credit card.

13. As some point prior to November 22, 2010, the Discover Bank credit card had a balance of approximately $4635.18 which became past due. ("the Debt")

14. The Discovery Bank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged Discovery Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Discovery Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

17. At some time prior to November 22, 2010, Discover Bank referred Plaintiff's defaulted Discover Bank credit card to the law firm of Eichenbaum & Stylianou, L.L.C ("Eichenbaum & Stylianou") for collection.

18. On or about November 22, 2010, Eichenbaum & Stylianou filed suit on behalf of Discover Bank against Plaintiff in the Superior Court of New Jersey, Passaic

6

County, Special Civil Part, in a case entitled <u>Discover Bank v. Konatar</u>, Pas-DC-021748-10 ("the State Court Action").

19. On or about December 13, 2010, Plaintiff filed an Answer in the State Court Action.

20. On or about January 12, 2011, Summary Judgment was granted in favor of Discover Bank and against Plaintiff in the amount of $4,635.18, plus costs of suit. ("the State Court Judgment").

21. Beginning on or about May 8, 2012, and through about December 2012, Plaintiff's wages were garnished by Court Officer Bruce Pierkarsky in an amount totaling approximately $2,500.00 with respect to the State Court Judgment.

22. On or about October 2017, Plaintiff was seeking to buy a house, when Plaintiff became aware that the State Court Judgment was still outstanding, and that the outstanding State Court Judgment had been referred to Defendant for collection.

23. On or about November 11, 2016, Defendant mailed a collection letter to Plaintiff ("the Collection Letter") indicating that the Balance due with respect to the Discovery Bank Debt was $4830.76, comprised of $4,734.22 of principal and $96.54 of interest.   See, attached Exhibit A.

24. However, the Balance Due amount listed in the Collection Letter failed to reflect credits for the amounts that were previously garnished from Plaintiff's wages, and thus sought to collect principal and interest in excess of any amounts owed by Plaintiff.

25. Furthermore, even if *in arguendo* the amount of principal owed was $4,734.22, as claimed in the Collection Letter, the post-judgment interest amount of $96.54 was is in excess of what is allowed for by New Jersey Law.

26. The November 11, 2016 collection letter was sent in connection with the collection of the Discover Bank obligation.

27. The November 11, 2016 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

28. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

29. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

30. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

31. Defendant violated Plaintiff's right to a truthful and fair debt collection process.

32. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

33. Plaintiff had the right to receive from Defendant accurate information as to amount of the debt.

34. Defendant's letter which unlawfully sought sums it was not entitled to caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information as to the actual amount of the alleged debt that she owed as required by 15 U.S.C. §1692e(2)(A).

35. Defendant's communication was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

36. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his right to enjoy these benefits.

37. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of defendant's failure to provide Plaintiff information required under the FDCPA.

38. Plaintiff's receipt of a collection letter which wrongly assessed interest and sought to collect more than owed, and requiring Plaintiff to pay more than was owed, is a concrete injury.

39. The failure of Defendant to provide this information impeded Plaintiff's ability to make a well-reasoned decision.

40. Defendant's failure to provide accurate information injured Plaintiff in that it impacted him ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

41. Defendant's providing of incorrect and inflated debt information may have a negative impact on Plaintiff's credit score, can impact his ability to get credit, and can subject him to higher borrowing costs in the future.

42. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his response.

43. Within the last year, Defendant sent collection letters to numerous New Jersey consumers that included language that sought to collect post-judgment interest in an amount more than allowed by law.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

(class allegations)

44. Plaintiff repeats the allegations contained in paragraphs 1 through 43 as if the same were set forth at length.

45. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with his collection attempts against Plaintiff and others similarly situated.

46. By sending collection letters, the same as or substantially similar to the November 11, 2016 letter, on behalf of Discover Bank, which sought to collect post-judgment interest in excess of the amount allowed by law, Defendant violated several provisions of the FDCPA, including, but not limited to:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

10

D. 15 U.S.C. §1692e(5), by threatening to take to take an action that cannot legally be taken or that is not intended to be taken;

E. 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; or,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

(individual allegations)

47. Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if the same were set forth at length.

48. The November 11, 2016 letter failed to give Plaintiff credit against the judgment for amounts previously collected by way of a wage garnishment against Plaintiff.

49. Since Plaintiff was in the process of purchasing a house with a mortgage commitment expiration date, Plaintiff was left in the untenable position of having to settle the outstanding State Court Judgment based upon the full judgment amount of $4,734.22, or risk losing his house and mortgage.

50. On or about November 15, 2016, Plaintiff was forced to settle the amount of the outstanding judgment for $2735.00, which, when combined with the approximately

$2500 that Plaintiff had previously paid, was more than the amount that Plaintiff owed in total on the State Court Judgment.

51. In addition, Plaintiff incurred attorney's fees and expenses in settling the State Court Judgment for more than was owed.

52. Defendant's refusal to acknowledge and/or credit Plaintiff towards the State Court Judgment for the amount of his garnished wages caused him extreme emotional distress

53. Because of Defendant's collection tactics, Plaintiff was faced with the threat of losing the mortgage and the house that he was in the process of purchasing.

54. By failing to give Plaintiff credit towards the outstanding judgment for amounts that were garnished from his wages, Defendant violated several provisions of the FDCPA, including, but not limited to:

    A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

    B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

    C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

    D. 15 U.S.C. §1692e(5), by threatening to take to take an action that cannot legally be taken or that is not intended to be taken;

    E. 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; or,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         November 8, 2017

                                            Respectfully submitted,

                                         By: <u>s/ Lawrence C. Hersh</u>
                                            Lawrence C. Hersh, Esq.
                                            17 Sylvan Street, Suite 102B
                                            Rutherford, NJ  07070

(201) 507-6300
*Attorney for Plaintiff*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 8, 2017                    By: s/ Lawrence C. Hersh
                                                Lawrence C. Hersh, Esq.

EXHIBIT A

**ZWICKER & ASSOCIATES, P.C.®**
ATTORNEYS AT LAW

THIS LAW FIRM
EMPLOYS ONE
OR MORE
ATTORNEYS
ADMITTED TO
PRACTICE IN
THE FOLLOWING
STATES:

ALASKA

LAWRENCE HERSH
17 SYLVAN ST STE 102B
RUTHERFORD, NJ 07070

ARIZONA

CALIFORNIA

COLORADO

*Personal and Confidential*                                11/11/16

CONNECTICUT

Your client: GORAN KONATAR
Creditor: Discover Bank
Account number ending in: 3568 [1,2,3,4]         File ID: ▉
Balance: $4,830.76

FLORIDA

GEORGIA

IDAHO

Dear Counselor:

ILLINOIS

The following is a breakdown of the balance that your client owes on the above-referenced account:

INDIANA

KENTUCKY

| | |
|---|---|
| Principal | $4,734.22 |
| Interest | $96.54 |
| Costs | $0.00 |
| | |
| Total | $4,830.76 |

MAINE

MARYLAND

MASSACHUSETTS

MICHIGAN

If you have any questions, please call this firm and ask to speak to your client's non-attorney account representative.

MINNESOTA

NEW JERSEY

NEW HAMPSHIRE

Sincerely,

NEW YORK

ZWICKER & ASSOCIATES, P.C.

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TENNESSEE

TEXAS

VERMONT

VIRGINIA

[1] This firm is a debt collector.
[2] This firm is attempting to collect a debt and any information obtained will be used for that purpose.
[3] Important notices appear on the back of this letter.  Please read them as they may affect your rights.
[4] Colorado residents: please read important notice on the back of this letter.

WASHINGTON

WEST VIRGINIA

DISTRICT OF COLUMBIA

Zwicker & Associates, P.C., 80 Minuteman Road, Andover, MA  01810-1008
Tel. (800) 370-2251     Fax (978) 686-3538
NY CITY AND YONKERS RESIDENTS ONLY CALL (877) 368-4531                    BALBRKAT

## IMPORTANT NOTICES

<u>OFFICE HOURS:</u>  Monday through Thursday 8:00 AM – 9:00 PM, Friday 8:00 AM – 7:00 PM, and Saturday 8:00 AM – 12:00 PM. (All times are Eastern).

*We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.*

**California** – The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**California/Utah** -- As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Colorado** - The following language is required by Colorado state law to be contained in the initial debt collection letter sent to Colorado residents:

> FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

Colorado residents may contact our office by telephone at 800-370-2251 during the office hours stated above.

**Maine** – Maine residents may contact our office by telephone at 800-370-2251 during the office hours stated above.

**Massachusetts** – Massachusetts residents may contact our office by telephone at 800-370-2251 during the office hours stated above. The business address is: 80 Minuteman Road, Andover, Massachusetts 01810-1008. Massachusetts Law requires that we inform you:

### NOTICE OF IMPORTANT RIGHTS OF MASSACHUSETTS RESIDENTS

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

To all consumers: Federal law or other state laws may also provide you with similar or even greater rights.

### Authorizing us by phone to set up payments on your account

If you and this firm agree that you can make a series of monthly payments on your account in specified amounts, you can authorize this firm by phone to initiate those payments electronically from your bank account. By (1) calling us at 800-370-2251 (NY City and Yonkers Residents Only Call 877-368-4531) or taking a call from us; (2) specifying the amounts and dates of payments which you would like to make; (3) identifying the bank account of yours which you wish to use to make the payments; and (4) electronically signing this Authorization, you authorize us to initiate payments from your account in the amounts and on the dates that you specify. You understand that your bank may charge you a fee for any unsuccessful payment and that we have no liability for any such fee. **YOU ARE NOT REQUIRED TO ARRANGE FOR OR AUTHORIZE ANY PAYMENTS OF THIS TYPE. If you choose to provide this authorization, you can cancel it by calling us toll free at 877-220-6665 at least three business days before the day on which you want the cancellation to be effective.**